RAPP vs. PEYROUX, ET AL., NO. 12,784.
SAME vs. RIVARDE, NO. 13,138.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS
PRESIDING.

A separation from bed and board by the tribunals of France, does not remove the wife's incapacity to sue, without the authorization of her husband.

The plaintiff, Henriette Catharine Rapp, separated from bed and board from her husband, J. B. Guerin, sues to recover from the firm of Peyroux, Rivarde & Co., the sum of two thousand two hundred and twenty-four dollars, the amount of a note which she alleges her husband put into

their hands for collection, the 7th June, 1833, when she and her husband were on the eve of starting for France.

The plaintiff alleges that this note was her separate and paraphernal property, and that she alone is entitled to receive the proceeds thereof. That in a judgment and act of separation, rendered in 1834, by the tribunals in France, between her and her husband, he acknowledges this note to be her own separate property. She, therefore, prays judgment, etc.

The defendant Rivarde, answered separately, and admitted the firm had collected the amount of the note mentioned, and that the proceeds was in their hands, and that it belonged to her husband in France, and not to her. He further averred, that he had purchased seven slaves from her and her husband, when they were about leaving this state for France, in June, 1833, for the sum of two thousand five hundred and fifty dollars, and that she had since demanded them to be returned to her, as having been illegally sold, being her dotal property, and he was in danger of eviction ; wherefore, it became necessary to hold this money to indemnify him in case suit was instituted and the slaves recovered from him. He then sets up a claim for indemnification, etc., and calls in the husband to ratify the sale of the slaves ; and prays that the suit be dismissed.

The other defendents pleaded a general denial, and adopted the answer of Rivarde.

The plaintiff also instituted her suit against Rivarde for the slaves, alleging that she brought them in marriage, and that they were constituted her dotal property, which she was unauthorized and incapacited to alienate.

The defendant pleaded a general denial, and averred that it became absolutely necessary for the ·plaintiff and her husband to sell the slaves in question, when they were about to remove to France, in June, 1833, and that he purchased them at their special request, in good faith ; the husband warranting the sale and title, etc. That the sale has been ratified by the plaintiff since she was separated in bed and board from her husband, and made capable of contracting for her dotal and paraphernal rights, and, also, of alienating them, by receiving the price of said slaves from her husband.

The defendant prays for judgment, and that J. B. Guerin, the husband, residing in France, be served with a copy of these proceedings, and an attorney appointed to correspond with him and to defend this suit; and that in case of recovery by the plaintiff, that judgment be rendered over against him for the value of the slaves, with damages and costs.

These two suits were consolidated and tried together.

There was judgment for the defendant, Rivarde, in the suit for the slaves. The plaintiff had judgment against the defendants for the proceeds of the note, etc. From the final judgment rendered in these consolidated cases, the plaintiff appealed.

*D.* and *J. Seghers,* for the plaintiff.

*Canon,* for the defendents.

*Rost, J.,* delivered the opinion of the court.

These cases were consolidated and tried together in the court below. Judgment was given in favor of the plaintiff in the first suit, and against her in the second ; from that part of the judgment, she has appealed. This action is instituted to recover certain slaves formerly sold by the plaintiff, on the ground that they formed part of her dowry and could not be alienated. Her husband, cited in warranty by the defendant, has appeared and denied the authority of the plaintiff to appear in court. It is in evidence that she resided several years in France with her husband, and was separated from bed and board by the tribunals of that country ; her incapacity did not cease thereby, and we are of opinion she cannot maintain her present appeal.

The case, No. 12,748, is not before us, and cannot, therefore, be affected by our judgment. In the case, No. 13,138, it is ordered, adjudged and decreed, that the appeal be dismissed with costs.